FILED
CLERK, U.S. DISTRICT COURT

9/10/25

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MRV\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00745-SB |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [26 U.S.C. § 7201: Attempt to Evade and Defeat Income Tax; 26 U.S.C. § 7206(1): Making and Subscribing to a False Tax Document; 26 U.S.C. § 7203: Willful Failure to Pay Tax] |
| SE YOUN KIM,<br>  aka "Steve Kim," and<br>HEE YOUN KIM,<br>  aka "Ted Kim," | |
| Defendants. | |

The Grand Jury charges:

COUNTS ONE AND TWO

[26 U.S.C. § 7201]

[DEFENDANT STEVE KIM]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  Defendant SE YOUN KIM, also known as ("aka") "Steve Kim" ("STEVE KIM"), resided in Buena Park within the Central District of California.

2. Defendant HEE YOUN KIM, aka "Ted Kim" ("TED KIM"), resided in Diamond Bar and Pomona, California, within the Central District of California.

3. Defendants STEVE KIM and TED KIM (collectively, "defendants") were identical twin brothers who worked as Magnetic Resonance Imaging technicians.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. IRS Form 1040, U.S. Individual Income Tax Return, was used by United States taxpayers to file an annual income tax return.

6. Municipal golf courses across Southern California generally allowed the public to reserve tee times several days in advance at no cost and without requiring an expensive membership. This system offered the public greater affordability and accessibility to golf courses, compared to private courses.

7. Beginning no later than in or around 2021, defendants operated a golf tee time brokering business ("Tee Time Brokering Business"), whereby they reserved golf tee times online using multiple different digital devices and accounts in their own names and the names of others, including at public golf courses, and resold them to members of the public for a fee, oftentimes in violation of municipal regulations. Defendants marketed, solicited, and communicated with their customers through various social medial platforms, including KakaoTalk, a Korean instant messaging application.

8. As part of their business, defendants reserved thousands of tee times for resale at numerous golf courses nationwide, including at least 17 different public courses across Southern California. Defendants created a monopoly of Los Angeles and Orange County area golf course tee times by securing the most sought-after early morning slots, often within seconds of their release to the public.  As a result, defendants made it more difficult and more expensive for members of the public to reserve tee times at these courses without paying defendants an additional booking fee, particularly during the COVID-19 pandemic.

9. Defendants often directed the clients of their Tee Time Brokering Business to pay these reservation fees to defendants' personal accounts, including Venmo and Zelle accounts, and then transferred those funds into their personal bank accounts.

10. Additionally, in June 2022, in furtherance of the Tee Time Brokering Business, defendant STEVE KIM incorporated Birdie Tour, Inc. ("Birdie Tour"), and was its Chief Executive Officer and Chief Financial Officer, while defendant TED KIM was its Secretary. Defendant STEVE KIM obtained an Employer Identification Number ("EIN") from the IRS for Birdie Tour on or about July 22, 2022, and opened a Wells Fargo bank account ending in 5764 in the name of Birdie Tour (the "Birdie Account") on or about September 16, 2022. Defendants at times directed the clients of their Tee Time Brokering Business to pay reservation fees to Birdie Tour Venmo and Zelle accounts and then transferred those funds into the Birdie Account.

11. Despite earning substantial income from their Tee Time Brokering Business, which totaled nearly $700,000 in tax years 2021

through 2023, defendants willfully failed to report this income -- and, in some years, other income, as well -- to the IRS.

12. In total, defendants collectively failed to report more than $1,100,000 in income for tax years 2022 through 2023 to the IRS.

B. <u>EVASION OF ASSESSMENT OF TAXES</u>

13. During the following calendar years, defendant STEVE KIM received taxable income in the following approximate amounts, upon which there was a tax due and owing to the United States of America:

| TAX YEAR | APPROX. AMOUNT OF TAXABLE INCOME |
|---|---|
| 2022 | $284,236 |
| 2023 | $336,772 |

14. Beginning no later than in or around March 2019 and continuing through in or around April 2024, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant STEVE KIM willfully attempted to evade and defeat the assessment of substantial income tax due and owing by him to the United States of America for the calendar years set forth below by committing the following affirmative acts, among others:

   a. On or about March 27, 2019, defendant STEVE KIM falsely claimed to Employer A on an IRS Form W-4 that he was exempt from federal income tax withholdings, which resulted in Employer A ceasing any federal tax withholding for defendant STEVE KIM until on or about August 31, 2023, when defendant STEVE KIM separated from Employer A.

   b. Defendant STEVE KIM continued to direct tee time reservation fees to be deposited into his personal Venmo, Zelle, and bank accounts even after he incorporated, obtained an EIN for, and opened the Birdie Account for Birdie Tour. Defendant STEVE KIM did not report any of these funds to the IRS.

4

   c. Defendant STEVE KIM used some of the funds in the Birdie Account to pay for his personal expenses and made cash withdrawals from the Birdie Account.  Defendant STEVE KIM did not report any of these funds to the IRS.

| **COUNT** | **CALENDAR YEAR** |
|---|---|
| ONE | 2022 |
| TWO | 2023 |

5

COUNTS THREE AND FOUR

[26 U.S.C. § 7201]

[DEFENDANT TED KIM]

15. The Grand Jury realleges paragraphs 1 through 12 of this Indictment here.

C. EVASION OF ASSESSMENT OF TAXES

16. During the following calendar years, defendant TED KIM received taxable income in the following approximate amounts, upon which there was a tax due and owing to the United States of America:

| TAX YEAR | APPROX. AMOUNT OF TAXABLE INCOME |
|---|---|
| 2022 | $199,222 |
| 2023 | $297,776 |

17. Beginning no later than June 2019 and continuing through in or around April 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant TED KIM willfully attempted to evade and defeat the assessment of substantial income tax due and owing by him to the United States of America for the calendar years set forth below by committing the following affirmative acts, among others:

   a. On or about June 17, 2019, defendant TED KIM falsely claimed to Employer A that he was exempt from federal income tax withholdings, which resulted in Employer A ceasing any federal tax withholding for defendant TED KIM until on or about August 31, 2023, when defendant TED KIM separated from his employer.

   b. On or about June 19, 2019, defendant TED KIM falsely claimed to Employer B that he was exempt from federal income tax withholdings, which resulted in Employer B ceasing any federal tax withholding for defendant TED KIM until on or about September 11, 2022, when defendant TED KIM separated from his employer.

      c.   On or about August 30, 2023, defendant TED KIM falsely claimed to Employer C on an IRS Form W-4 that he was exempt from federal tax withholdings, which resulted in Employer C ceasing any federal tax withholding for defendant TED KIM.

      d.   Defendant TED KIM continued to direct tee time reservation fees to be deposited into his personal Venmo, Zelle, and bank accounts even after Birdie Tour was incorporated, assigned an EIN, and issued the Birdie Account.  Defendant TED KIM did not report any of these funds to the IRS.

| COUNT | CALENDAR YEAR |
| --- | --- |
| THREE | 2022 |
| FOUR | 2023 |

COUNT FIVE

[26 U.S.C. § 7206(1)]

[DEFENDANT STEVE KIM]

18. The Grand Jury realleges paragraphs 1 through 12 of this Indictment here.

A. False Statements

19. On or about September 19, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant STEVE KIM willfully made and subscribed to a materially false U.S. Individual Income Tax Return, Form 1040, for calendar year 2021, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed electronically with the IRS Submission Processing Center in Fresno, California, which return defendant STEVE KIM did not believe to be true as to every material matter, in that, on line 8 of that Form 1040, defendant STEVE KIM reported that he and his spouse had no other income from Schedule 1 when, as defendant STEVE KIM then well knew and believed, they had additional income for that year to report, namely income from defendant STEVE KIM's Tee Time Brokering Business.

## COUNTS SIX THROUGH SEVEN

[26 U.S.C. § 7203]

[DEFENDANT STEVE KIM]

20. The Grand Jury realleges paragraphs 1 through 12 of this Indictment here.

21. In addition to his evasion of taxes, defendant STEVE KIM accumulated substantial tax liabilities by failing to pay taxes assessed over multiple years. Rather than using available funds to pay his outstanding tax balance, defendant STEVE KIM spent his money on personal financial investments and luxury retail purchases, including from brands such as Chanel and Louis Vuitton.

22. During the calendar years listed below, in Los Angeles and Orange Counties, within the Central District of California and elsewhere, defendant STEVE KIM had and received taxable income, on which taxable income there was substantial tax owing to the United States of America as set forth below. Defendant STEVE KIM was required by law to pay such tax on or before the dates below to any person assigned the responsibility to receive payments at the IRS Service Center in Fresno, California, or to any other proper officer of the United States. Well knowing all the foregoing, defendant STEVE KIM willfully failed to pay the substantial income tax due for the calendar years listed below.

| Count | Calendar Year | Tax Due Date | Tax Amount Due |
|---|---|---|---|
| SIX | 2019 | April 15, 2020 | $18,836 |
| SEVEN | 2020 | April 15, 2021 | $16,699 |

COUNTS EIGHT THROUGH TEN

[26 U.S.C. § 7203]

[DEFENDANT TED KIM]

23. The Grand Jury realleges paragraphs 1 through 12 of this Indictment here.

24. In addition to his evasion of taxes, defendant TED KIM accumulated substantial tax liabilities by failing to pay taxes assessed over multiple years. Rather than using available funds to pay his outstanding tax balance, defendant TED KIM spent his money on a timeshare in Hawaii, luxury vehicles, and luxury retail purchases, including from brands such as Cartier and Prada.

25. During the calendar years listed below, in Los Angeles County, within the Central District of California and elsewhere, defendant TED KIM had and received taxable income, on which taxable income there was substantial tax owing to the United States of America as set forth below. Defendant TED KIM was required by law to pay such tax on or before the below dates, to any person assigned the responsibility to receive payments at the IRS Service Center in Fresno, California, or to any other proper officer of the United States. Well knowing all the foregoing, defendant TED KIM willfully failed to pay the substantial income tax due for the calendar years listed below.

//
//
//

| Count | Calendar Year | Tax Due Date | Tax Amount Due |
|---|---|---|---|
| EIGHT | 2019 | April 15, 2020 | $12,401 |
| NINE | 2020 | April 15, 2021 | $12,994 |
| TEN | 2021 | April 18, 2022 | $20,326 |

A TRUE BILL

/S/ _____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

ROGER A. HSIEH
Assistant United States Attorney
Deputy Chief, Major Frauds Section

SOLOMON KIM
Assistant United States Attorney
Major Frauds Section